CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 09 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |
|---|---|
| CREADELL HUBBARD, | ) CASE NO. 7:15CV00002 |
|  | ) |
|     Petitioner, | ) |
| v. | ) MEMORANDUM OPINION |
|  | ) |
|  | ) |
| CHRISTOPHER ZYCH, WARDEN, | ) By: Hon. Glen E. Conrad |
|  | ) Chief United States District Judge |
|     Respondent. | ) |

Creadell Hubbard, an inmate at the United States Penitentiary in Lee County, Virginia, proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Hubbard asserts that in light of United States v. Descamps, __U.S. __, 133 S. Ct. 2276 (2013), his sentence is unlawful, and the court should now revisit it. Upon review of the record, the court concludes that the petition must be summarily dismissed as without merit.[1]

## Background

Hubbard states that he was convicted in April 20, 1989, in the United States District Court for the Eastern District of North Carolina, of bank robbery and related charges. He admits that he previously filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in that court, challenging this conviction and sentence, which was dismissed in December 1997. Hubbard also states that in July 2014, the United States Court of Appeals for the Fourth Circuit denied his motion under 28 U.S.C. § 2244(b)(3)(A) to file a second or successive § 2255 motion, raising his current claim under Descamps.

In his § 2241 petition, Hubbard asserts that the district court erred in finding him eligible for an enhanced sentence under the Career Offender provision of the United States Sentencing

---

[1] See Rules 1(b) & 4, Rules Governing Section 2254 Cases (authorizing dismissal of habeas petition where it plainly appears from face of petition that petitioner is not entitled to habeas relief).

Guidelines, based on his prior convictions. Specifically, Hubbard asserts that, in light of the holding in Descamps,[2] his 1976 conviction for third-degree burglary under Kentucky law no longer qualifies as a crime of violence, to make it a prior predicate felony for a Career Offender enhancement.

## Discussion

A district court may not entertain a habeas corpus petition pursuant to § 2241 attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." 28 U.S.C. § 2255(e); see, e.g., Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a conviction when a prisoner satisfies a three-part standard:

> (1) [A]t the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Hubbard may not challenge his Career Offender sentence enhancement via § 2241. First, the substantive law has not changed so that Hubbard is actually innocent of the 1976 burglary so as to render § 2255 inadequate and ineffective to test the legality of that conviction. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence

---

[2] In Descamps, the Supreme Court of the United States held that that a sentencing court may not look beyond the text of an indivisible statute, which is a statute that does not set out one or more elements of the offense in the alternative, and review certain documents when determining if a defendant is an Armed Career Criminal. 133 S. Ct. at 2281-82.

2

under <u>Jones</u> applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"). Second, "Fourth Circuit precedent has . . . not [otherwise] extended the reach of [28 U.S.C. § 2255(e)] to those petitioners challenging only their sentence." <u>United States v. Poole</u>, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) (citing <u>In re Jones</u>, 226 F.3d at 333-34)). Third, the case law indicates that <u>Descamps</u> is not retroactive on collateral review. <u>See</u>, <u>e.g.</u>, <u>United States v. Sanders</u>, 2013 U.S. Dist. LEXIS 150167, 2013 WL 5707808 (N.D. Ohio Oct.18, 2013); <u>Roscoe v. United States</u>, 2013 U.S. Dist. LEXIS 148530, 2013 WL 5636686 (N.D. Ala. Oct.16, 2013). Fourth, the fact that a new § 2255 motion from Hubbard would be time barred or considered successive does not make § 2255 review "inadequate" or "ineffective." <u>In re Vial</u>, 115 F.3d at 1194 n. 5. Accordingly, Hubbard may not proceed via § 2241, and his petition is dismissed. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This ___ 9ᵗʰ ___ day of February, 2015.

_____
Chief United States District Judge

3